UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM N. LEE, #255126,

    Plaintiff,

v.

Case No. 16-CV-14364
Honorable Linda V. Parker

ST. CLAIR CO. DRUG TASK
FORCE, et al.,

    Defendants.
_____/

# OPINION AND ORDER OF SUMMARY DISMISSAL

## I. INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983 by Michigan prisoner William N. Lee ("Plaintiff"), who is confined at the Newberry Correctional Facility in Newberry, Michigan. Plaintiff alleges that his constitutional rights were violated during his state criminal proceedings. He asserts that he was subject to an illegal search, seizure, and arrest, experienced a delay in arraignment and was unable to contact his family for 60 hours while confined in jail, and that his trial counsel was ineffective. (ECF No. 1 at Pg ID 4.) He names the St. Clair County Drug Task Force, the Major Crime Unit, the St. Clair County Jail, the City of Port Huron, and defense attorney Sophia D. Curry as the defendants in this action. (*Id.* at Pg ID 1-2.) He sues the defendants in their

personal and official capacities and seeks monetary damages and injunctive relief. (*Id.*) Plaintiff has been granted leave to proceed without prepayment of the fees for this action. *See* 28 U.S.C. § 1915(a)(1).

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is

2

and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that the civil rights complaint is subject to summary dismissal.

First, Plaintiff names attorney Sophia Curry as a defendant in this action. It is well-settled, however, that appointed and retained attorneys performing

traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under 42 U.S.C. § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). Because attorney Curry is not a state actor subject to suit under § 1983, Plaintiff's complaint against her must be dismissed.

Second, Plaintiff names the St. Clair County Drug Task Force, the Major Crime Unit, and the St. Clair County Jail as defendants in this action. Those bodies, however, are not entities subject to suit under § 1983. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is an improper defendant in a § 1983 case); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department may not be sued under § 1983); *Edward v. Jail*, Case No. 2:16-CV-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (city police department is an agency of the city and not a proper defendant in a § 1983 action). Plaintiff's claims against the St. Clair County Drug Task Force, the Major Crime Unit, and the St. Clair County Jail must be dismissed.

Third, any claims against the City of Port Huron must be dismissed because Plaintiff fails to allege facts demonstrating the personal involvement of the City of Port Huron in the events giving rise to the complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983. *See Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff makes no such factual allegations against the City of Port Huron, nor does he challenge conduct by city employees or cite city policies in his complaint – and St. Clair County, not the City of Port Huron, operates the St. Clair County Jail. Conclusory allegations are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Plaintiff fails to state a claim upon which relief may be granted against the City of Port Huron.

Lastly, to the extent that Plaintiff challenges the validity of his state criminal proceedings in his complaint, he fails to state a claim upon which relief may be

granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to prevail on claims challenging the validity of his state

6

criminal proceedings, his convictions would be called into question. Consequently, any such claims are barred by *Heck* and must be dismissed.[1]

## III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE;**

**IT IS FURTHER ORDERED** that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: June 9, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 9, 2017, by electronic and/or U.S. First Class mail.

                                          s/ R. Loury
                                          Case Manager

---

[1] The Court notes that an arraignment delay claim may not be barred by *Heck* because it does not necessarily imply the invalidity of a criminal conviction. *See Sanders v. Detroit Police Dep't.*, 490 F. App'x 771, 773-74 (6th Cir. 2012). Plaintiff, however, fails to name a proper defendant as to any such claim.